UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


THOMAS STANLEY,

       Plaintiff,

v.                                        3:08-cv-365


UNION COUNTY SHERIFF'S DEPARTMENT,
UNION COUNTY JAIL,
SHERIFF EARL LAY, JR,
and RODNEY MINOR,

       Defendants.


## MEMORANDUM AND ORDER


The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Claiborne County Justice Center. He brings this action against Union County Sheriff Earl Lay, Jr. and Rodney Minor, as well as the Union County Sheriff's Department and the Union County Jail. Plaintiff has set forth a litany of complaints concerning the conditions of the Union County Jail, including but not limited to overcrowding, inadequate sanitation and hygiene, lack of medical care and access to a law library, and lack of exercise. Nevertheless, plaintiff does not state how the conditions of the jail have affected him personally or otherwise violated his constitutional rights.

In addition, plaintiff does not seek compensatory damages, but only seeks injunctive relief as to the conditions in the jail. At the time he filed this lawsuit, however, plaintiff was in the Claiborne County Jail, where he continues to remain incarcerated. Thus, plaintiff's claims for injunctive relief are moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (a prisoner's claim for declaratory and injunctive relief becomes moot upon his transfer to a different facility).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which

2

relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court hereby **DENIES** the plaintiff leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Claiborne County Justice Center, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b)     twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Claiborne County, Tennessee, and the county attorney for Claiborne County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with

that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The

Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's

financial deputy.


       **ENTER:**

_s/ Thomas W. Phillips_
United States District Judge
